PINTARD (SESSIONS v.). See Case No. 12,-674

---

## Case No. 11,171a.

### The PIONEER.

[Blatchf. Pr. Cas. 22.] [1]

District Court, S. D. New York. Aug., 1861.[2]

PRIZE—ENEMY PROPERTY—CONDEMNATION.

Vessel and cargo condemned as enemy property because belonging to resident citizens of the enemy's country.

[Cited in The Amy Warwick, Case No. 341.]

In admiralty.

Before BETTS, District Judge.

The case of the bark Pioneer was the second one brought to hearing. The libel charges, in substance, that the bark, with the cargo laden on board, was, on the 20th of May, 1861, seized by the United States steamship Quaker City, under command of Acting Master T. W. Mathews, as prize of war, for violating the blockade of the port of Richmond, and also, for that the bark, at the time of such seizure. together with the cargo on board, was owned by insurgents and traitors, and public enemies of,

---

[1] [Reported by Samuel Blatchford. Esq.]

[2] [Affirmed in Cases Nos. 11,174 and 11,175.]

---

and persons engaged in actual hostilities against, the government of the United States, whereby the vessel. with the cargo laden therein, became liable to confiscation and condemnation, as lawful prize. The claim and answer, put in under a test oath by the master, in behalf of her owners, residents in Richmond, Virginia, denies the violation of the blockade alleged, admits the ownership of the vessel and cargo by the claimants. and that they are residents in Richmond, denies that the vessel and cargo thereby became subject to forfeiture, and denies, in effect, the fact of blockade, as also the authority of the president to establish it; and, with the exceptive allegations thereto attached, the pleadings take the general objections, in bar of the suit, which are set up. and have been considered and disposed of by the court, as is above stated, in the decision applicable to the defenses common to the nine other suits heard concurrently with this one at the present sitting of the court. The claim of forfeiture against this vessel and cargo, because of a violation of blockade, is not pressed by the counsel for the United States, and the only charge on which the condemnation is urged is that both are enemy's property.

It appears, upon the preparatory proofs,—and that evidence is uncontradicted,—that the capture of the vessel and cargo was made on the high seas, outside of any harbor of the United States. It being admitted, in the claim and answer, that the claimants were, at the time of the capture. resident citizens of Virginia, and the documentary proofs showing a state of war to have existed at the time between the United States and the place of residence of the claimants. or that part of the state of Virginia then under the power and control of the public authorities of Virginia, who assumed to act, and were not prohibited or restrained from so acting, by the residents therein. in the name and by the authorization, at least, of that particular section and portion of the state, the citizens and residents thereof are parties, in judgment of law. to the acts of their local government, in its hostilities; and a war between the conflicting powers is a war between all. the individuals of the one and all the individuals of which the other belligerent power is composed. The inclinations of individuals, in relation to other states, are to be considered as bound by the acts of their government. The doctrine is strongly and clearly stated by Chancellor Kent (1 Kent, Comm. 75; Wheat. Mar. Capt. 40, 41, 102). and excludes the claim of exemption relied on by the owners in this suit. Holding, as the decision of the court does, on these cardinal features of the defenses to these actions, that the United States are armed, in judgment of law, in meeting the Civil War waged upon them, with the same rights and privileges they could claim in respect to the property or exemptions of their enemies. if the war was one between nations independent of each other. it follows that the vessel and cargo proceeded

against in this case, belonging to enemies of the United States, and captured at sea, are subject to confiscation to the United States.

It is therefore ordered and decreed by the court that the property arrested and proceeded against in this suit be pronounced prize of war, and be condemned sold, and distributed as such, according to the rules and law of the court in that behalf.

NOTE. The decree in this case was affirmed by the circuit court, on appeal, July 17, 1863. [Case No. 11,174.] Afterwards, further proofs were, on leave, put in by the claimants, in the circuit court, and on a further hearing the decree of the district court was again affirmed by the circuit court, November 25, 1863. [Id. 11,-115.]

[Pending the appeal, the district court, on the consent of all parties, directed the prize commissioners to sell the cargo and vessel, and to bring the proceeds of sale into court. Case No. 11,172.]